State v. Sanderson

---

STATE OF NORTH CAROLINA v. BOBBY SANDERSON

No. 747SC454

(Filed 7 August 1974)

Criminal Law § 102— improper remark by solicitor — absence of prejudicial error

In a prosecution for kidnapping and armed robbery, the solicitor's statement in his jury argument that "a person with a bad prior criminal record is just like a snake," while disapproved, did not constitute prejudicial error where the court instructed the jury to disregard such statement.

APPEAL by defendant from *Copeland, Judge,* 12 November 1973 Session of Superior Court held in NASH County. Heard in the Court of Appeals on 18 June 1974.

This is a criminal action wherein the defendant, Bobby Sanderson, was charged in bills of indictment, proper in form, with armed robbery and kidnapping. The defendant entered pleas of not guilty, and the State offered evidence tending to establish the following:

On 1 June 1973 Fonzsey Cockrell, a taxicab driver, received a call to go to a Texaco Station located on Highway 301. Upon arriving at this site, Cockrell picked up the defendant, who threw his suitcase in the backseat and got in the frontseat with the driver. Shortly thereafter, the defendant drew a pistol on the driver and instructed him to return to Highway 301. Subsequently, the driver and defendant changed seats and the defendant became the driver of the taxicab. Not long after making

this switch, the defendant demanded that Cockrell give him his money pouch and defendant took $11.90 from the pouch. At a point near Rowland, N. C., the defendant obtained some tools and used these to remove signs from the taxicab. After purchasing three dollars worth of gas, Cockrell and defendant again switched, with Cockrell doing the driving. A short time later they were stopped by a police officer who arrested defendant after finding that he had a gun.

The defendant testified that on the day in question he and his half-brother had been drinking and had called a cab to take them to the bus station. When the taxi arrived, the driver (Cockrell) asked if he could have a drink of their liquor. After helping defendant and his half-brother drink a pint of liquor, Cockrell offered to take them to Lumberton. The defendant and his half-brother accepted the inviation and defendant's half-brother rode as far as Sharpsburg. Thereafter Cockrell suggested that they take the signs off the car because he was afraid the taxicab company might be looking for the vehicle. A short time later, the car was stopped by an SBI agent and defendant testified that "[a]fter [Cockrell] found that I was an escapee, he told the SBI agent that I had kidnapped him and robbed him."

Defendant denied kidnapping or robbing the taxicab driver, although he did admit having a gun in his back pocket.

The defendant was found guilty of both kidnapping and armed robbery. From judgments imposing prison sentences of fifteen (15) to twenty (20) years for kidnapping and ten (10) to fifteen (15) years for armed robbery, the sentences to run concurrently, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Keith L. Jarvis for the State.*

*Moore, Diedrick & Whitaker by L. G. Diedrick for defendant appellant.*

HEDRICK, Judge.

Defendant contends that the trial court erred in denying his motion for a mistrial because of a certain statement made to the jury by the solicitor. The statement which forms the basis

of this assignment of error is summarized in the record by defendant's counsel as follows:

"His remark was that a man of good character as the prosecuting witness, and he held his left hand up in the air, way up here, and he said a person with a bad prior criminal record is just like a snake, and he took his right hand and held it down, bringing it down to the ground like that . . . . "

Certainly, such statements are not consistent with expected courtroom decorum and are not condoned; however, we do not think that this statement reaches the level of prejudicial error. Furthermore, the trial judge correctly and wisely instructed the jury to disregard this comment.

We have carefully reviewed defendant's other assignment of error and find it to be without merit.

The defendant was afforded a fair trial free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.